**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3624
_____


PNY TECHNOLOGIES INC;
PNY TECHNOLOGIES EUROPE,
                                    Appellants

v.

TWIN CITY FIRE INSURANCE COMPANY


On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  2-11-cv-04647)
District Judge:  Honorable Stanley R. Chesler



Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

(Opinion filed: June 11, 2015)


Before:  RENDELL, HARDIMAN, and VANASKIE, Circuit Judges

O P I N I O N*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, <u>Circuit Judge</u>:

Appellants PNY Technologies, Inc., and PNY Technologies Europe (collectively, "PNY") appeal from the District Court's order granting summary judgment to Appellee Twin City Fire Insurance Company ("Twin City") in a coverage dispute regarding insurance policies (the "Policies") that Twin City issued to PNY. The District Court held that Twin City was not obligated to cover PNY's liabilities under certain contracts because the Policies specifically excluded coverage for contract liability. We will affirm.

The Chief Financial Officer ("CFO") of PNY Europe entered into contracts for foreign exchange transactions with four banks. The contracts resulted in substantial losses and the banks demanded payment from PNY pursuant to those contracts. PNY notified Twin City of the banks' demands and requested coverage, urging that its CFO did not have authority to enter into such foreign exchange contracts, and, as a result, the contractual liability exclusion in the Policies should not apply. That exclusion bars coverage for any claim "based upon, arising from, or in any way related to any actual or alleged . . . liability under any contract or agreement, provided that this exclusion shall not apply to the extent that liability would have been incurred in the absence of such contract or agreement." (J.A. 69; J.A. 116.) Twin City denied coverage in reliance on, inter alia, this exclusion.

PNY brought this action alleging breach of contract and seeking a declaratory judgment that Twin City was obligated to provide coverage under the Policies. The

2

District Court granted summary judgment to Twin City because it held that the contractual liability exclusion barred PNY's claims.[1]

"We review a grant of summary judgment *de novo*," *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 514 (3d Cir. 2012), and "[w]e review the District Court's interpretation of the insurance policies *de novo*," *Alexander v. Nat'l Fire Ins. of Hartford*, 454 F.3d 214, 219 n.4 (3d Cir. 2006). Under New Jersey law,[2] "[i]nsurance policies . . . 'will be enforced as written when [their] terms are clear.'" *Mem'l Props., LLC v. Zurich Am. Ins. Co.*, 46 A.3d 525, 532 (N.J. 2012) (quoting *Flomerfelt v. Cardiello*, 997 A.2d 991, 996 (N.J. 2010)). "Exclusionary clauses are presumptively valid and are enforced if they are 'specific, plain, clear, prominent, and not contrary to public policy.'" *Flomerfelt*, 997 A.2d at 996 (quoting *Princeton Ins. Co. v. Chunmuang*, 698 A.2d 9, 17 (N.J. 1997)).

PNY argues that the contractual liability exclusion does not apply because the CFO was not authorized to execute the foreign exchange contracts and, as a result, the contracts are invalid. This argument lacks merit because the exclusion applies to "any actual or alleged . . . liability under any contract." The exclusion thus encompasses *any alleged* liability under any contract. PNY's alleged liability stems from the contracts and,

---

[1] The District Court also held that PNY's claims did not qualify for coverage because they were not "entity claims for wrongful acts" as defined by the Policies. We need not reach the entity claim issue because the contractual liability exclusion provides sufficient basis to affirm.

[2] The parties agree that New Jersey law governs the Policies.

3

even if those contracts were deemed invalid, PNY's liability would still have been alleged under the contracts and the contractual liability exclusion would still apply.

PNY further urges that the exclusion does not apply because PNY's liability is based on the CFO's malfeasance, not on the contracts. In support of this argument, PNY relies upon *Houbigant, Inc. v. Fed. Ins. Co.*, 374 F.3d 192 (3d Cir. 2004), in which we held that a contractual liability exclusion did not apply to tort claims involving trademark infringement. In that case, the insurer, Federal Insurance ("Federal") had insured two entities (the "Insureds") whom Houbigant had licensed to manufacture and sell its products and use its trademarks. Houbigant filed claims against the Insureds alleging that they had breached the license agreements and infringed Houbigant's trademarks. Federal denied coverage to the Insureds, who then assigned their indemnification rights to Houbigant. When Houbigant sued Federal, Federal argued that the insurance policy at issue excluded coverage for injury "*arising out of* breach of contract." *Id.* at 202. Applying New Jersey law, we held that the exclusion did not apply to Houbigant's tort claims because "[a]lthough the relationship between Houbigant and the Insureds is contractual, the actions of the Insureds were independently tortious." *Id.* at 203 (footnote omitted). PNY's reliance on *Houbigant* is misplaced because there the liability arose out of the tortious acts; here the liability relates solely to losses under the contracts. Thus, the contractual liability exclusion squarely applies.

Accordingly, we will affirm.